UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| SAMBA SIMA | § | |
|     *Plaintiff* | § | CASE NUMBER: 1:23-CV-375 |
| | § | |
| vs. | § | |
| | § | |
| CREDIT CORP SOLUTIONS, INC. | § | |
| | § | |
| & | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| HARTFORD CASUALTY INSURANCE | § | |
| COMPANY | § | |
|     *Defendants*. | § | |

## ORIGINAL COMPLAINT

1. Plaintiff Samba Sima brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendants' violations of the FDCPA and the TDCA.

## JURISDICTION AND VENUE

2. The federal claims asserted herein arise under 42 U.S.C. § 1692. The jurisdiction of the Court is founded on 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## THE PARTIES

4. Plaintiff Samba Sima ("**Sima**") is an individual residing in Travis County, Texas.

5. Defendant Credit Corp Solutions, Inc. ("**CCS**") may be served by serving its registered agent at the following address:

> Corporation Service Company
> 211 E. 7th St., Ste. 620
> Austin, TX 78704

6. Defendant Hartford Casualty Insurance Company ("**Hartford**") may be served by serving its registered agent at the following address:

> C T Corporation System
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201

## FACTUAL ALLEGATIONS

7. Sima had a personal credit card with BVBA Compass Bank.

8. Sima lost his credit card.

9. Sima's credit card was used to make unauthorized purchases.

10. Under Fed. R. Civ. P. 11(b)(4), Sima pleads that the unauthorized purchases were made at an Apple Store and Nordstroms and that the items bought were for personal use. This factual contention will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

11. Sima reported his card as stolen to BVBA Compass Bank.

12. BVBA Compass Bank removed the unauthorized charges from Sima's account.

13. At some time unknown to Sima, BVBA Compass Bank re-added the unauthorized charges to Sima's account.

14. Sima's account, with the unauthorized charges, was closed by BVBA Compass Bank on May 17, 2019.

15. BVBA Compass Bank sold a portfolio of consumer debts to CCS on June 17, 2019.

16. BVBA Compass Bank included a debt related to unauthorized purchases made with Sima's card in the portfolio it sold to CCS.

17. CCS describes itself as "a receivables management company that purchases and collects consumer debt including unpaid retail finance and sales finance credit cards and personal loans."

18. CCS is a "debt collector" as that term is defined in the FDCPA.

19. CCS sued Sima to recover an alleged debt related to the fraudulent and unauthorized charges.

20. CCS's lawsuit against Sima was filed May 20, 2022.

21. CCS's lawsuit against Sima is styled *Credit Corp Solutions vs. Samba Sima*.

22. CCS's lawsuit against Sima bears cause number J1-CV-22-001607.

23. CCS's lawsuit against Sima was filed in the Justice Court, Precinct One, of Travis County, Texas.

24. CCS's lawsuit against Sima was an attempt to collect $4,910.36

25. At all relevant times, Sima owed no money to either BVBA Compass Bank or CCS.

26. Sima retained legal counsel.

27. Through counsel, Sima informed CCS that the alleged debt was fraudulent.

28. Sima filed an answer asserting that the alleged debt was the result of fraud on July 26, 2022.

29. CCS continued to attempt to collect after being notified by Sima that the alleged debt was not his.

30. Sima incurred expenses in retaining counsel to defend the suit brought against him by CCS.

31. Sima experienced feelings of anxiety and helplessness due to CCS suing him to collect a debt he did not owe.

32. Hartford is the surety for a $10,000 bond CCS has on file with the Texas Secretary of State. The bond is in favor of any person damaged by a violation of Chapter 392 of the Texas Finance Code. The bond is numbered 20BSVIA4271.

## COUNT I. VIOLATIONS OF FDCPA

33. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34. CCS violated the § 1692e(2)(A) of the FDCPA by making false representation(s) of the amount of Sima's alleged debt. CCS represented Sima owed money when he did not.

35. CCS violated § 1692f(1) of the FDCPA by attempting to collect any amount (including interest, fee, charge, or expense incidental to the principal obligation) that was not expressly authorized by the agreement creating the debt or permitted by law. CCS attempted to collect money from Sima that was not authorized by agreement or law.

## COUNTS II–VIOLATIONS OF THE TDCA

36. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

37. CCS mispresented the character, extent or amount of Sima's alleged consumer debt in violation of § 392.304(8) of the TDCA.

38. CCS affirmatively represented Sima owed money when he did not.

39. Sima asserts a claim against CCS's bond wherein Hartford is the surety.

40. Hartford, as CCS's surety, is a proper party to this suit under § 392.102 of the Texas Finance Code.

## REQUEST FOR RELIEF

41. Plaintiff requests that this Court award him:

   a. Actual damages;

   b. Statutory damages;

   c. Injunctive relief;

   d. Costs; and

   e. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
By: *Tyler Hickle*
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com